UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

EMANUEL DAVIS,

                        Plaintiff,

      -v-                                                  9:07-CV-786 (LEK/ DRH)

KRAWCZYK, New York State Corrections
Officer; *et al.*,

                        Defendants.
_____

**MEMORANDUM-DECISION AND ORDER**

On July 31, 2007, Plaintiff Emanuel Davis commenced this section 1983 action. See Compl. (Dkt. No. 1). Plaintiff asserts various claims stemming from his allegation that on July 31, 2004, at the Attica Correctional Facility, Defendants "violently assaulted [Plaintiff] . . . in retaliation for filing a grievance against another corrections officer." Id. ¶ 1. Presently before the Court is Defendants' unopposed Motion for partial summary judgment (Dkt. No. 21). For the reasons discussed below, Defendants' Motion is granted.

**I.    BACKGROUND**

The facts in Defendants' statement of material facts, when properly supported by the record, are deemed to be true because Plaintiff failed to submit a responsive statement of material facts. See N.D.N.Y.L.R. 7.1(a)(3).

Defendants in this action are three named corrections officers employed by the New York

1

State Department of Corrections as well as three "John Doe" corrections officers. Compl. ¶ 4. On July 31, 2004, Plaintiff was an inmate at the Attica Correctional Facility in Wyoming County, New York. Compl. ¶ 6. Plaintiff alleges that at approximately 1:00 p.m. on that date, as he was returning to his cell from the mess hall, Defendants removed him from the line of inmates and placed him against the wall for a search. Id. ¶¶ 7-8. Plaintiff contends that after the search, Defendants hit him with their fists and clubs, pushed him to the ground, choked him, twisted his leg, and pushed him down a flight of stairs. Id. ¶¶ 9-12.

Plaintiff alleges that as a result of this incident, he "received injuries to his ribs and right knee, broken teeth and has suffered emotional damages." Compl. ¶ 15. Plaintiff further alleges that despite reporting his pain almost daily, he was not provided medical treatment during the seven days following this incident. Id. ¶¶ 13-14. When asked at his deposition whether he had any evidence of Defendants being involved in his medical care following this incident, Plaintiff testified that "No, they wouldn't have been. They wouldn't have been involved. I wouldn't have allowed them to be involved." Deposition of Emanuel Davis ("Davis Dep.") at 72 (Dkt. No. 21, Attach. 4).

Plaintiff alleges that Defendants violated his civil rights by their use of force during the alleged incident. See Compl. ¶ 17. Plaintiff also claims that Defendants failed to provide adequate medical care, exhibited deliberate indifference to his medical needs, and failed to provide adequate supervision and training to their employees and agents to ensure that Plaintiff received adequate medical care, all in violation of his rights under the Fifth, Eighth, Ninth and Fourteenth Amendments to the Constitution. Compl. ¶¶ 18, 20-22. Finally, Plaintiff also brings state law tort claims stemming from this incident. Compl. ¶ 23.

On January 16, 2009, Defendants moved for partial summary judgment, seeking dismissal of

all medical claims in the Complaint as well as the state law tort claims. On February 3, 2009, Plaintiff submitted a response stating that Plaintiff does not oppose Defendants' Motion. Response (Dkt. No. 22).

## II.     SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Beard v. Banks, 548 U.S. 521, 529 (2006) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). To determine whether a genuine issue of material fact exists, a court must "'resolve all ambiguities, and credit all factual inferences that could rationally be drawn'" against the moving party. Brown v. Henderson, 257 F.3d 246, 251 (2d Cir. 2001) (quoting Cifra v. General Electric Co., 252 F.3d 205, 216 (2d Cir. 2001)). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

If the moving party meets its initial burden of demonstrating that no genuine issue of material fact exists for trial, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (citations omitted). The nonmovant "must come forth with evidence sufficient to allow a reasonable jury to find in her favor." Brown, 257 F.3d at 251 (citation omitted). The nonmoving party "may not rely merely on allegations or denials in its own

3

pleadings;" bald assertions or conjecture unsupported by evidence are insufficient to overcome a motion for summary judgment. Fed. R. Civ. P. 56(e)(2); see Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991); Western World Ins. Co. v. Stack Oil, Inc., 922 F.2d 118, 121 (2d Cir. 1990).

When the non-moving party does not oppose a summary judgment motion, "'the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial.'" Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004) (quoting Amaker v. Foley, 274 F.3d 677, 681 (2d Cir. 2001)). "If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then 'summary judgment must be denied *even if no opposing evidentiary matter is presented.*'" Vermont Teddy Bear Co., 373 F.3d at 244 (quoting Amaker, 274 F.3d at 681). Moreover, "[e]ven unopposed motions for summary judgment must fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) (internal quotation and citations omitted).

### III.   DISCUSSION
### A.   Medical Claims

It is well-settled in the Second Circuit that "'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [42 U.S.C.] § 1983.'" Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (quoting Moffitt v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1991)) (other citations omitted). Thus, to the extent Plaintiff's Complaint contains claims relating to his medical treatment, Defendants can only be held liable if they were

4

personally involved in Plaintiff's medical treatment, if they personally exhibited deliberate indifference to his medical needs, or if they personally failed to properly supervise or train Attica employees as to the appropriate provision of medical care to inmates.

All of the Defendants (including the "John Does") are corrections officers. See Compl. ¶ 4. Plaintiff testified at his deposition that Defendants were not involved in his medical care following the incident, and that he wouldn't have allowed them to be involved. Davis Dep. at 72. Accordingly, Defendants have met their burden of production by demonstrating that no material fact exists for trial related to Defendants' personal involvement in Plaintiff's medical care. Plaintiff has not named any medical personnel as Defendants, nor has he provided any evidence that Defendants were personally involved in providing him medical care or in the supervision or training of medical personnel at the correctional facility. See Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986) (outlining circumstances in which supervisory officials are considered personally liable for purposes of section 1983). As Plaintiff has produced no evidence upon which a reasonable jury could conclude that Defendants were personally involved in any constitutional violations related to his medical care, Defendants are entitled to judgment as a matter of law as to such claims. Accordingly, Plaintiff's claims related to his medical care are dismissed.

**B.     State Law Tort Claims**

Defendants also seek to dismiss Plaintiff's state law tort claims related to the alleged incident. Plaintiff's Complaint does not specify whether he is suing Defendants in their official or personal capacities, but in either case, Plaintiff's pendent state law claims must be dismissed. Any claims brought against Defendants in their official capacity must be dismissed, as the Eleventh Amendment bars a claim for damages against state employees in their official capacity. Kentucky

5

v. Graham, 473 U.S. 159, 169 (1985); see Davis v. New York, 316 F.3d 93, 101 (2d Cir. 2002) ("the dismissal of [the] claims against . . . the [corrections officers] in their official capacities is affirmed, because these claims are barred by the Eleventh Amendment.").

To the extent Plaintiff's state law claims are asserted against Defendants in their personal capacity, Defendants are also immune from suit. Section 24 of the New York Correction Law provides that

> 1. No civil action shall be brought in any court of the state, except by the attorney general on behalf of the state, against any officer or employee of the [Department of Correctional Services], in his personal capacity, for damages arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties by such officer or employee.
>
> 2. Any claim for damages arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties of any officer or employee of the department shall be brought and maintained in the court of claims as a claim against the state.

New York Correction Law § 24. While section 24(1) only refers to suits in state court, the Second Circuit has held that the statute also provides immunity to corrections officers when sued in their personal capacity in federal court, "because a federal court acts essentially as a state court in addressing pendent state law claims." Baker v. Coughlin, 77 F.3d 12, 15 (2d Cir. 1996); see also Ierardi v. Sisco, 119 F.3d 183, 186 (2d Cir. 1997) ("It is well settled that Section 24 shields employees of a state correctional facility from being called upon to personally answer a state law claim for damages based on activities that fall within the scope of the statute."). Thus, as Defendants are employees of the New York State Department of Corrections, Plaintiff's state law claims for damages must be dismissed.

**IV.   CONCLUSION**

Based on the foregoing discussion, it is hereby

**ORDERED**, that Defendants' Motion for partial summary judgment (Dkt. No. 21) is **GRANTED**; Plaintiff's claims related to his medical treatment, as well as Plaintiff's pendent state law damages claims, are **DISMISSED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

DATED:     April 06, 2009
           Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge